UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-14005-Moore/McCabe

STEPHEN PATRICK YOUNG,

    Plaintiff,

v.

HIGHLANDS COUNTY,
STEVEN RITENOUR,
GARRET ROBERTS, and
ANGELA J. COWDEN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DE 3)

THIS CAUSE came before the Court upon Plaintiff's *pro se* Application to Proceed *In Forma Pauperis* ("Application") (DE 3), which was referred to the undersigned by United States District Judge K. Michael Moore (DE 7). For the reasons set forth below, the undersigned **RECOMMENDS** that the Application be **DENIED** and that Plaintiff's Complaint (DE 1) be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    BACKGROUND**

Plaintiff filed case on January 4, 2024, naming the following defendants: (1) Highlands County, (2) Steven Ritenour, a deputy with the Highlands County Sheriff's Office ("HCSO"), (3) Garret Roberts, an attorney and/or detective with HCSO, and (4) Angela J. Cowden, a Florida state court judge (DE 1). The Complaint alleges civil rights violations based on the following timeline of events:

> On or about September 13, 2019, Deputy Ritenour presented Plaintiff with paperwork regarding an "ex parte risk protection order" by arranging to have the paperwork included in Plaintiff's personal belongings as he departed the Highlands County Jail.
>
> Thereafter, on September 27, 2019, Plaintiff attended a court hearing regarding the risk protection order, with Judge Cowden presiding. Plaintiff moved to dismiss the proceedings based on improper service of the paperwork by Deputy Ritenour, but Judge Cowden wrongly denied the motion.
>
> On October 28, 2018, Plaintiff appeared for another hearing before Judge Cowden, and Plaintiff again moved to dismiss the proceeding based on improper service by Deputy Ritenour. Judge Cowden once again wrongly denied the motion.
>
> As Plaintiff exited the courtroom following the October 28 hearing, Deputy Ritenour and Defendant Roberts (acting as either an attorney or a detective for HCSO) conspired with one another to arrest Plaintiff for perjury.

(DE 1 at 5-6).

The Complaint does not explain what happened following the October 28 arrest, whether Plaintiff spent time in jail, whether the State Attorney brought formal charges against him for perjury, or whether Plaintiff prevailed on any such charges. Likewise, the Complaint does not explain the final outcome of the "risk protection order" proceedings before Judge Cowden.

The Complaint alleges violations of the First, Fourth, Fifth, and Fourteenth Amendments, as well as state and federal statutes relating to perjury (DE 1 at 4). Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 (DE 1 at 4). Along with the Complaint, Plaintiff contemporaneously filed this Application (DE 3).

## II. DISCUSSION

### A. Indigency

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without prepayment of costs, fees, or security. Courts enjoy broad discretion over such applications to proceed *in forma pauperis*. *Pace v. Evans*, 709 F.2d 1428,

1429 (11th Cir. 1983).  In determining whether to grant relief, a court must first examine "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement."  *Thomas v. Chattahoochee Jud. Circ.*, 574 Fed. App'x 916, 917 (11th Cir. 2014).  After a review of Plaintiff's assets and liabilities, as set forth in the Application, the Court finds Plaintiff meets the necessary financial standard to proceed *in forma pauperis*.

### B.     Initial Screening

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must next conduct an initial screening of the merits of Plaintiff's Complaint.

#### 1.     Standard

Under the screening standard, the Court must dismiss any case that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i-iii).  The standard for failure to state a claim mirrors the standard set forth in Fed. R. Civ. P. 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To survive dismissal, therefore, a complaint must provide "more than labels and conclusions," and must instead allege facts sufficient to "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As a general rule, courts also hold *pro se* pleadings to a "less stringent standard than pleadings drafted by attorneys."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  Courts have no obligation, however, to "re-write" a *pro se* complaint in order to find a claim.  *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### 2. Plaintiff's Complaint

The Complaint alleges a claim under 42 U.S.C. § 1983, which provides a remedy against "every person" who, under color of state law, deprives another of rights secured by the Constitution and laws of the United States. To state a viable § 1983 claim, Plaintiff must allege facts showing (1) a violation of a constitutional right, (2) committed by a person acting under color of state law. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). For the reasons set forth below, the Court finds the Complaint fails to state any plausible claims for relief.

#### i. Claims Related to Judge Cowden

As to Judge Cowden, judges enjoy absolute immunity from liability for damages for acts committed within their judicial jurisdiction. *See Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (noting that "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction) (cleaned up). "This absolute immunity is intended 'for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" *Id.* (cleaned up). Judicial immunity applies "even when the judge's conduct 'was in error, was done maliciously, or was in excess of his authority ....'" *Id.* (cleaned up). Although a judge's error may be corrected on appeal, he or she should not have to fear that unsatisfied litigants will pursue litigation charging malice or corruption. *Id.*

The Complaint here alleges that Judge Cowden ruled against Plaintiff on two motions related to the improper service of court paperwork in the risk protection proceeding (DE 1). These acts fall squarely within the scope of Judge Cowden's official judicial duties and jurisdiction. As such, Judge Cowden cannot be held liable for damages, even if she decided the motions wrongly, and even if she did so with malice or corrupt intent. The Court therefore finds that the current

Complaint fails to state a plausible claim against Judge Cowden and all claims against her should be dismissed without prejudice.

### ii. Claims Related to Defendant Roberts

As to Defendant Roberts, the Complaint does not adequately explain his role, referring to him as an "Attorney/Deputy," then as a "deputy sheriff," then as an "acting attorney" (DE 1 at 3, 4, 6). These distinctions carry great significance, as the Court cannot determine whether Defendant Roberts acted in the capacity of a prosecuting attorney. If so, Defendant Roberts would enjoy absolute prosecutorial immunity. *See Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (noting that prosecutors enjoy "absolute immunity for certain functions intimately associated with the judicial process"). Prosecutorial immunity extends to any actions a prosecutor takes in his or her role as "an advocate for the state." *Id.* Accordingly, the Court orders a dismissal of Defendant Roberts, without prejudice, so that Plaintiff can clarify, by way of an Amended Complaint, the exact role played by Defendant Roberts in the case.

### iii. Claims Related to Service of Court Paperwork

The Complaint next alleges that Deputy Ritenour "presented paperwork to Plaintiff as an ex parte risk protection order, while in the booking area of the Highlands County Jail and handed said papers to an employee to place into Plaintiff's personal property" (DE 1 at 6). Plaintiff alleges this amounted to improper service, and he further alleges that Judge Cowden improperly denied two motions to dismiss the proceedings based on this improper service (DE 1 at 6).

The Court finds these allegations insufficient to state a plausible § 1983 claim for two reasons. First, as a general rule, law enforcement personnel who carry out, execute, or serve court orders enjoy quasi-judicial immunity for ministerial acts performed within the scope of their official duties. *See People ex rel. Giles v. Thomas*, 464 F.2d 156, 159-60 (5th Cir. 1972) (finding

5

immunity for sheriff deputies who executed a court order of eviction); *Berry v. Severit*, No. 20-CV-00229-JPG, 2020 WL 3440116, at *3 (S.D. Ill. June 23, 2020) (noting that "even if [process servers] could be considered state actors, they could also be considered quasi-judicial officials acting within the scope of their official duties and thus immune from liability"). Liability can attach only when the officer goes beyond the ministerial duties required by the court order. *See Cortez v. Close*, 101 F. Supp. 2d 1013, 1016-17 (N.D. Ill. 2000) (finding viable § 1983 claim where deputy sheriffs exceeded scope of eviction order by searching premises, kicking in bedroom doors, and placing a gun to the head of one of the residents).

The Complaint here alleges that Detective Ritenour served certain court papers upon Plaintiff by arranging to have them added to his personal property before he departed the county jail. Plaintiff does not explain how or why this was improper, or how or why Detective Ritenour exceeded the scope of his ministerial duties in serving the court paperwork. As such, the Complaint fails to state a plausible § 1983 claim.

Second, the Complaint acknowledges that Plaintiff already raised these issues before Judge Cowden and that she ruled against him on all service-related issues (DE 1 at 6). To the extent Plaintiff seeks to use this suit as a means to obtain relief from the harm caused by Judge Cowden's rulings, the *Rooker-Feldman* doctrine bars the suit. Under the *Rooker-Feldman* doctrine, lower federal courts cannot review state court judgments. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). The doctrine applies to claims that are "inextricably intertwined" with a state court judgment, such that "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *May v. Capote*, 149 F. App'x 913, 915 (11th Cir. 2005) (cleaned up).

Based on the facts currently alleged in the Complaint, Plaintiff's service-related § 1983 claim against Detective Ritenour would succeed only to the extent that Judge Cowden wrongly decided the service-related issues before her during precious court hearings. As such, the *Rooker-Feldman* doctrine bars the claim. For this reason as well, the Complaint fails to state a plausible § 1983 claim, and it should be dismissed without prejudice.

### iv. Claims Related to Perjury Arrest

Finally, the Complaint alleges that Deputy Ritenour and Defendant Roberts (acting as either an attorney or a detective for HCSO) conspired with one another to arrest Plaintiff for perjury as he exited the courtroom following the October 28 hearing (DE 1 at 6). The Complaint seems to allege a claim of false arrest in violation of the Fourth Amendment, which provides that "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. An arrest made without a warrant or without "probable cause" violates the Fourth Amendment and gives rise to a viable claim under 42 U.S.C. § 1983. *Gates v. Khokhar*, 884 F.3d 1290, 1297 (11th Cir. 2018). "Probable cause" exists when law enforcement officers have facts and circumstances within their knowledge "sufficient to warrant a reasonable belief that a suspect has committed or was committing a crime." *Case v. Eslinger*, 555 F.3d 1317, 1327 (11th Cir. 2009).

The Court finds the allegations of the Complaint insufficient to state a plausible false arrest claim for three reasons. First, the Complaint fails to set forth sufficient factual detail to assess the existence or non-existence of probable cause. The Complaint does not explain the basis of the alleged perjury arrest. Presumably, Plaintiff testified in a manner that law enforcement believed to be false. What was the testimony? What were the facts and circumstances showing the testimony was true rather than false? Without these additional facts, Plaintiff cannot state a

plausible claim of false arrest. Accordingly, the Court orders a dismissal, without prejudice, so that Plaintiff can add, by way of an Amended Complaint, the additional facts that show why and how law enforcement lacked probable cause to arrest him for perjury.

Second, the Complaint does not explain what happened following the arrest. Did the State Attorney bring charges against Plaintiff for perjury? If so, is the case still ongoing? If the perjury case concluded, how did it conclude? Who won? These facts carry great significance to Plaintiff's § 1983 claim. *See Doby v. Strength*, 758 F.2d 1405, 1405–06 (11th Cir. 1985) (instructing the district court to abstain, pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971), from deciding the merits of plaintiff's § 1983 claims until the conclusion of ongoing, related state court criminal proceedings); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (noting that "when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"). The Court therefore orders a dismissal, without prejudice, so that Plaintiff can add, by way of an Amended Complaint, these crucial details.

Third, even if the arrest lacked probable cause, and even if Plaintiff subsequently prevailed on any perjury-related prosecution that followed, Plaintiff would still need to allege facts to overcome qualified immunity. "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (cleaned up). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is

8

knowingly violating the federal law." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (cleaned up). "Because qualified immunity is a defense not only from liability, but also from suit, it is important for a court to ascertain the validity of a qualified immunity defense as early in the lawsuit as possible." *Id.* "Qualified immunity is the rule, not the exception." *Rowe v. Schreiber*, 139 F.3d 1381, 1385 (11th Cir. 1998).

To overcome qualified immunity in a false arrest case, a plaintiff must do more than merely show a lack of probable cause. A plaintiff must show the defendant lacked "arguable probable cause" to make an arrest. *See Moreshead v. Ott*, No. 08-80913, 2009 WL 5083425, at *4 (S.D. Fla. Dec. 23, 2009) ("Since Ott was performing a discretionary function, the burden shifts to Plaintiff to demonstrate that Ott violated clearly established constitutional law, to wit, an arrest without arguable probable cause."); *see also Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010) ("To receive qualified immunity, an officer need not have actual probable cause, but only 'arguable' probable cause.").

Arguable probable cause exists where a reasonable officer in the same circumstances and possessing the same knowledge as the defendant "could have believed" that probable cause existed to make the arrest. *Von Stein v. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990). Courts apply this standard because "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and in such cases those officials should not be held personally liable." *Id.*; *see also Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997) (noting that qualified immunity standard is broad enough to cover mistaken judgment). Like probable cause, arguable probable cause must be measured objectively, without regard to the officer's subjective intent or belief. *Rushing v. Parker*, 599 F.3d 1263, 1266 (11th Cir. 2010).

The Complaint here fails to allege sufficient facts to meet this standard. As stated, the Complaint fails even to describe how or why law enforcement lacked probable cause to make the arrest. It likewise fails, then, to allege facts sufficient to meet the higher standard of "arguable probable cause." For this reason as well, the Court finds the Complaint should be dismissed without prejudice.

### III.    RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

Accordingly, this Court **RECOMMENDS** that Plaintiff's Applications to Proceed *In Forma Pauperis* (DE 3) be **DENIED**, that the case be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and that the District Court allow Plaintiff leave to file an Amended Complaint, on whatever timeline the District Court deems appropriate, to attempt to cure the deficiencies identified here.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 16th day of January 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

cc:    counsel of record; Plaintiff, *pro se*.